UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:08-CV-1411 (CEJ) |
| MEMC ELECTRONIC MATERIALS, INC., and NABEEL GAREEB, | ) ) ) | |
| Defendants. | ) | |
| DONALD JAMESON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:08-CV-1570 (TCM) |
| MEMC ELECTRONIC MATERIALS, INC., and NABEEL GAREEB, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

These related matters are before the Court on the motion of Mahendra A. Patel to consolidate, to be appointed lead plaintiff, and for approval of counsel. Plaintiffs Minneapolis Firefighters' Relief Association (MFRA) and Allen Moshi agree that the cases should be consolidated. After briefing, plaintiffs have withdrawn their request to appoint Mr. Moshi as lead plaintiff.

**I. Consolidation**

Rule 42(a), Fed. R. Civ. P., provides that a court may consolidate actions involving common questions of law or fact. Defendant MEMC manufactures and sells silicon wafers and related

intermediate products used in the semiconductor and solar industries. Two securities class actions have been filed in this district by investors alleging that defendants MEMC and Nabeel Gareeb, MEMC's chief executive officer, failed to timely disclose production issues that materially affected MEMC's financial results. The plaintiffs in both actions allege that they purchased MEMC securities between June 13, 2008, and July 23, 2008 (the class period) when the prices were artificially inflated as a result of defendants' misrepresentations and omissions. The parties agree, and the Court finds, that both actions involve common questions of law and fact and consolidation under Rule 42(a) is appropriate.

**II. Lead Plaintiff, Lead Counsel and Liaison Counsel**

When Congress enacted the Private Securities Litigation Reform Act of 1995 (PSLRA), it "sought to create mechanisms to ensure the protection of class members' interests in securities litigation that was widely perceived as being lawyer-instituted and lawyer-driven." In re BankAmerica Corp. Securities Litigation, 350 F.3d 747, 751 (8th Cir. 2003). Thus, the PLSRA requires "district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders and requir[es] these lead plaintiffs to select counsel." Id. (citing 15 U.S.C. §§ 78u-4(a)(3)(B)(i) and (v)).

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private plaintiff class actions brought under the Exchange Act. See 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i). The Act provides that the Court shall appoint as

lead plaintiff the member or members of the purported class "that the court determines to be the most capable of adequately representing the interests of the class members." Id. In so doing, the Court adopts a rebuttable presumption that the most adequate plaintiff "is the person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Although Rule 23(a) includes four requirements -- numerosity, commonality, typicality, and adequacy -- the presumptive lead plaintiff "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." Reese v. Bahash, 248 F.R.D. 58, 61-62 (D.D.C. Feb. 11, 2008). The Court "must deem" the movant with the largest financial interest the presumptive lead plaintiff if it "makes a prima facie showing that it satisfies the typicality and adequacy requirements of Rule 23"). Id. (quoting In re Fannie Mae Securities Litigation, 355 F.Supp.2d 261, 263 (D.D.C. 2005)). The statute further provides that the presumption:

> may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff --
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Finally, under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Mr. Patel is entitled to a rebuttable presumption that he is the most adequate plaintiff: MFRA published notice of the action on September 16, 2008, on *Market Wire*, a national, business-oriented wire service, and Mr. Patel timely filed his motion to be appointed as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(i), accompanied by a certification as described in 15 U.S.C. § 78u-4(a)(2)(A). Mr. Patel has provided evidence that he incurred losses in excess of $383,000 as a result of his transactions with MEMC during the class period. His losses, thus, exceed the combined losses of $171,902.93 of plaintiffs Moshi and MFRA. The Court finds that Mr. Patel satisfies § 78u-4(a)(3)(B)(iii)(I)(aa) and (bb).

The typicality requirement of Rule 23(a)(3) is satisfied when each class member makes similar legal arguments to prove the defendant's liability. <u>In re Drexel Burnham Lambert Group, Inc.</u>, 960 F.2d 285, 291 (2nd. Cir. 1992). Here, the class consists of those who, like Mr. Patel, purchased MEMC securities during the class period at inflated prices and suffered damages as a result. Mr. Patel satisfies the typicality requirement.

Under Rule 23(a)(4), the representative plaintiff must "fairly and adequately protect the interests of the class." Under the

PSLRA, the adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy. Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. Jan. 18, 2007). The Court concludes that Mr. Patel satisfies the adequacy requirement. Mr. Patel has established all requirements and shall be selected as the lead plaintiff.

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(b)(v). Mr. Patel seeks the approval of the firm of Brower Piven to serve as lead counsel. The Court has reviewed the firm resume and concludes that the firm has adequate experience litigating securities class actions and possesses adequate resources to manage the litigation. Mr. Patel also requests the appointment of the firm of Simon Passante to serve as liaison counsel. Both requests will be granted.

Defendants have requested an extension of time file an answer or other responsive pleading until after the lead plaintiff files an amended complaint or indicates that he intends to proceed on the existing complaint. That request will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Mahendra A. Patel to consolidate actions, for appointment as lead plaintiff, and for approval of lead counsel [Doc. #14] is **granted**.

**IT IS FURTHER ORDERED** that Mahendra A. Patel is appointed as lead plaintiff, the firm of Brower Piven is appointed as lead counsel, and the firm of Simon Passante is appointed as liaison counsel.

**IT IS FURTHER ORDERED** that <u>Donald Jameson v. MEMC Electronic Materials, Inc. and Nabeel Gareeb</u>, No. 4:08-CV-1570 (TCM) is consolidated with this action, <u>Minneapolis Firefighters' Relief Association v. MEMC Electronic Materials, Inc. and Nabeel Gareeb</u>, No. 4:08-CV-1141 (CEJ).

**IT IS FURTHER ORDERED** that henceforth all pleadings and other documents in this matter shall be filed in <u>Minneapolis Firefighters' Relief Association v. MEMC Electronic Materials, Inc. and Nabeel Gareeb</u>, No. 4:08-CV-1141 (CEJ).  <u>See</u> E.D.Mo. L.R. 4.03 ("the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case.")

**IT IS FURTHER ORDERED** that the motion of Minneapolis Firefighters' Relief Association to withdraw its motion to consolidate, appoint lead plaintiff, and approve lead counsel [Doc. #31] is **granted**.

**IT IS FURTHER ORDERED** that the motion of Minneapolis Firefighters' Relief Association to consolidate, appoint lead plaintiff, and approve lead counsel [Doc. #11] is **withdrawn**.

**IT IS FURTHER ORDERED** that, not later than **December 31, 2008**, lead plaintiff shall inform the Court whether he intends to proceed on the existing complaint or to file an amended complaint. Any amended complaint shall be filed no later than **January 23, 2009.**

**IT IS FURTHER ORDERED** that defendants' motion for extension of time to file an answer or other responsive pleading [Doc. #17] is **granted**. In the event that lead plaintiff notifies the Court that he shall proceed under the existing complaint, defendants shall file an answer or other responsive pleading no later than **January 23, 2009**. In the event that plaintiff files an amended complaint, defendants' answer shall be due as provided by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiffs' motion for default judgment [Doc. #5] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2008.