UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEMC ELECTRONIC MATERIALS, INC., NABEEL GAREEB and KENNETH HANNAH,<br><br>Defendants. | No. 4:08-CV-1411 (CEJ)<br><br>Honorable Carol E. Jackson |

### NOTICE OF SUPPLEMENTAL AUTHORITY
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants MEMC Electronic Materials, Inc., Nabeel Gareeb, and Kenneth H. Hannah ("Defendants") respectfully file this Notice of Supplemental Authority in further support of their pending Motion to Dismiss [Dkt. No. 46 in *Minneapolis Firefighters' Relief Association* and Dkt. No. 40 in *Jameson*] ("Joint Motion to Dismiss") and state as follows:

1.  On September 1, 2009, after briefing on Defendants' Joint Motion to Dismiss was completed, the Eighth Circuit issued a decision in *In re 2007 Novastar Financial Inc., Securities Litigation*, __F.3d__, 2009 WL 2747281 (8th Cir. Sept. 1, 2009), which affirmed the dismissal with prejudice of a class action securities complaint arising from allegedly "false and misleading statements about Novastar's operations and financial health during the class period." *Id*. at *1, 4-5.[1]  Like the authority discussed in Defendants' memoranda in support of their Joint Motion to Dismiss, the *Novastar* decision supports Defendants' demonstration that Plaintiff's securities claims are insufficient as a matter of fact and/or law and should be dismissed.

---

[1]   A copy of the *Novastar* decision is attached hereto as Exhibit A.

2.     As in this case, the plaintiff in *Novastar* "reproduce[d], either in their entirety or lengthy excerpts from, press releases, SEC filings, and transcripts of conference calls made by Novastar and the individual defendants during the class period" but failed to provide "any indication as to what specific statements within these communications are alleged to be false or misleading" or "why the allegedly misleading statements were false or misleading." 2009 WL 2747281, at *3-4  The court further noted that the "complaint does not provide any link between an alleged misleading statement and specific factual allegations demonstrating the reasons why the statement was false or misleading as the PSLRA requires." *Id*. at *4.  Thus, the court affirmed the dismissal with prejudice of the plaintiff's complaint. *Id*. at *4-5.

3.     On September 9, 2009, after briefing on Defendants' Joint Motion to Dismiss was completed, the Eighth Circuit issued a decision in *Horizon Asset Management Inc. v. H & R Block, Inc.*, __F.3d__, 2009 WL 2870505 (8th Cir. Sept. 9, 2009), which affirmed the dismissal of a class action securities complaint arising in large part from misstated financial results "in nine of Block's SEC filings."  *Id*. at *3.[2]  Like the authority discussed in Defendants' memoranda in support of their Joint Motion to Dismiss, the *H & R Block* decision supports Defendants' demonstration that Plaintiff's securities claims are insufficient as a matter of fact and/or law and should be dismissed.

4.     As in this case, the plaintiff in *H & R Block* "failed to plead scienter adequately with respect to Block or the individual defendants."  2009 WL 2870505, at *10.  The court heavily discounted a confidential witness's statement that "whatever knowledge [one employee] had about the Company, he shared with [one of the individual defendants]" because "such a general, conclusory statement provides only weak support, if any, for an inference of [that

---

[2]     A copy of the *H & R Block* decision is attached hereto as Exhibit B.

individual defendant's] scienter." *Id.* at *4. The court also rebuffed a statement recounted by a confidential witness that told the court "nothing about [an individual defendant's] state of mind," or another witness's statement that logically had to be "inaccurate" because it asserted that one of the individual defendants had knowledge of accounting problems "six months ***before*** he began working for Block." *Id.* at *4-5 (emphasis added). The court also rejected as a basis to show scienter the plaintiff's allegations concerning "the slow pace of the internal investigation once the accounting errors were discovered." *Id.* at *5. Instead, the court determined that "[t]his was a prudent course of action that weakens rather than strengthens an inference of scienter." *Id.* at *5, *citing Higginbotham v. Baxter Int'l Inc.*, 495 F.3d 753, 761 (7th Cir. 2007) ("Taking the time necessary to get things right is both proper and lawful. Managers cannot tell lies but are entitled to investigate for a reasonable time, until they have a full story to reveal."). Finally, the court found that "[s]tatements made by third-party securities analysts . . . are insufficient to raise a strong inference of scienter where, as here, there are no allegations that the defendants adopted the statements, represented that they were true, used the analysts as conduits by providing them false information, or otherwise became 'entangled' with the analysts." *H & R Block*, 2009 WL 2870505, at *7.

WHEREFORE, Defendants respectfully submit the foregoing authority as further support for their Joint Motion to Dismiss.

DATED: September 29, 2009     BY:   /s/ Joni S. Jacobsen

    David H. Kistenbroker
    Joni S. Jacobsen
    Laura A. Brake
    KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street
    Chicago, IL 60661-3693
    Telephone: (312) 902-5200
    Facsimile: (312) 577-4445
    david.kistenbroker@kattenlaw.com
    joni.jacobsen@kattenlaw.com
    laura.brake@kattenlaw.com

    Glenn E. Davis #2940
    Jacqueline Ulin Levey #110714
    F. Scott Galt #508706
    ARMSTRONG TEASDALE LLP
    One Metropolitan Square, Suite 2600
    St. Louis, Missouri 63102-2740
    (314) 621-5070
    (314) 612-2241 (facsimile)
    gdavis@armstrongteasdale.com
    jlevey@armstrongteasdale.com
    sgalt@armstrongteasdale.com

    *Attorneys For Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 29, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| David A.P. Brower<br>Jessica Sleater<br>BROWER PIVEN<br>488 Madison Avenue<br>Eighth Floor<br>New York, New York 10022<br>Telephone: (212) 501-9000<br>Facsimile: (212) 501-0300<br><br>Charles J. Piven<br>Yelena Trepetin<br>BROWER PIVEN<br>World Trade Center-Baltimore<br>401 East Pratt Street, Suite 2525<br>Baltimore, Maryland 21202<br>Telephone: (410) 332-0030<br>Facsimile: (410) 685-1300<br><br>*Lead Counsel for the Class and Counsel*<br>*for Lead Plaintiff Mahendra A. Patel* | John E. Campbell<br>John Simon<br>Erich Vieth<br>SIMON PASSANANTE, P.C.<br>701 Market Street, Suite 1450<br>St. Louis, MO 63101<br>314-241-2929<br>314-241-2029 (fax)<br>jcampbell@simonpassanante.com<br><br>*Liaison Counsel for the Class and Counsel*<br>*for Lead Plaintiff Mahendra A. Patel* |

                                                        /s/ Joni S. Jacobsen