# EXHIBIT A

Case 4:08-cv-01411-CEJ   Document 52-2   Filed 09/29/2009   Page 2 of 8



Page 1

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
**(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

H

United States Court of Appeals,
Eighth Circuit.
In re 2007 NOVASTAR FINANCIAL INC., SECURITIES LITIGATION,
Robert W. Boyd, III, individually and on behalf of all others similarly situated; Bruce Gilmore; Steven J. Gedy; Norman Pelletier; James E. Murphy, on behalf of himself and all others similarly situated, Plaintiffs,
Dr. Kevin Lester, Plaintiff-Appellant,
Joshua Brown; Merri-Jo Hillaker; Charles McComb; Lois McComb; William Weakley; Alan James Bima, individually and on behalf of all others similarly situated; Gary M. Tanner; Lee M. Edison; Jack F. Dunbar, on behalf of himself and all others similarly situated; Durston Winesburg, on behalf of himself and all others similarly situated; Michael Owens, behalf of himself and all others similarly situated, Plaintiffs,
v.
Novastar Financial, Inc.; Scott F. Hartman; W. Lance Anderson; Gregory S. Metz, Defendants-Appellees.
No. 08-2452.

Submitted: Jan. 16, 2009.
Filed: Sept. 1, 2009.

**Background:** Investor in corporation's securities brought consolidated securities fraud class action against corporation and its officers and directors. The United States District Court for the Western District of Missouri, 2008 WL 2354367, granted defendants' motion to dismiss. Investor appealed.

**Holdings:** The Court of Appeals, Gruender, Circuit Judge, held that:
(1) investor failed to plead allegations of fraudulent misstatements and omissions with requisite particularity, and
(2) investor failed to submit a proposed amended complaint to the district court, as required to preserve his right to amend the complaint.

Affirmed.

West Headnotes

**[1] Federal Courts 170B** 776

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)1 In General
                170Bk776 k. Trial De Novo. Most Cited Cases

**Federal Courts 170B** 794

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)3 Presumptions
                170Bk794 k. Pleadings. Most Cited Cases

A court of appeals reviews de novo a district court's dismissal of a securities fraud complaint for failure to comply with the PSLRA's heightened pleading requirements; in reviewing the district court's dismissal, the court of appeals accepts all factual allegations in the complaint as true, considers the complaint in its entirety, and takes into account plausible opposing inferences. Private Securities Litigation Reform Act of 1995, § 101(b), 15 U.S.C.A. § 78u-4(b).

**[2] Securities Regulation 349B** 60.51(1)

349B Securities Regulation
    349BI Federal Regulation
        349BI(C) Trading and Markets
            349BI(C)7 Fraud and Manipulation
                349Bk60.50 Pleading
                    349Bk60.51 In General
                      349Bk60.51(1) k. In General. Most Cited Cases

The PSLRA's heightened pleading requirements for securities fraud compel the plaintiff to plead the who, what, when, where and how of the misleading statements or omissions. Private Securities Litigation Reform Act of 1995, § 101(b)(1), 15 U.S.C.A. § 78u-4(b)(1).

**[3] Securities Regulation 349B** 60.51(1)

349B Securities Regulation
    349BI Federal Regulation

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
  **(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

      349BI(C) Trading and Markets
        349BI(C)7 Fraud and Manipulation
          349Bk60.50 Pleading
            349Bk60.51 In General
              349Bk60.51(1) k. In General.
Most Cited Cases

Plaintiffs alleging securities fraud under the PSLRA must plead their allegations of fraudulent misstatements and omissions with particularity; the complaint's facts must necessarily show that the defendants' statements were misleading. Private Securities Litigation Reform Act of 1995, § 101(b)(1), 15 U.S.C.A. § 78u-4(b)(1).

**[4] Securities Regulation 349B ⚷60.53**

349B Securities Regulation
    349BI Federal Regulation
      349BI(C) Trading and Markets
        349BI(C)7 Fraud and Manipulation
          349Bk60.50 Pleading
            349Bk60.53 k. Misrepresentation.
Most Cited Cases

Thirty-six page section of complaint filed by investor bringing securities fraud class action against corporation and its officers and directors, titled, "Defendants' False and Misleading Statements Issued During the Class Period," which reproduced, either in their entirety or lengthy excerpts from, press releases, Securities and Exchange Commission (SEC) filings, and transcripts of conference calls made by the corporation and the individual defendants during the class period, did not satisfy the PSLRA's requirement of pleading securities fraud with sufficient particularity, absent any indication as to what specific statements within the reproduced communications were alleged to be false of misleading. Private Securities Litigation Reform Act of 1995, § 101(b)(1), 15 U.S.C.A. § 78u-4(b)(1).

**[5] Securities Regulation 349B ⚷60.53**

349B Securities Regulation
    349BI Federal Regulation
      349BI(C) Trading and Markets
        349BI(C)7 Fraud and Manipulation
          349Bk60.50 Pleading
            349Bk60.53 k. Misrepresentation.
Most Cited Cases

Identifying specifically the false or misleading statements for the first time on appeal does not excuse a litigant's failure to comply with the pleading requirements under the PSLRA. Private Securities Litigation Reform Act of 1995, § 101(b)(1), 15 U.S.C.A. § 78u-4(b)(1).

**[6] Securities Regulation 349B ⚷60.53**

349B Securities Regulation
    349BI Federal Regulation
      349BI(C) Trading and Markets
        349BI(C)7 Fraud and Manipulation
          349Bk60.50 Pleading
            349Bk60.53 k. Misrepresentation.
Most Cited Cases

Complaint of investor bringing securities fraud class action against corporation and its officers and directors, did not provide any link between an alleged misleading statement and specific factual allegations demonstrating the reasons why the statement was false or misleading, as required under the PSLRA's heightened pleading requirements for securities fraud. Private Securities Litigation Reform Act of 1995, § 101(b)(1), 15 U.S.C.A. § 78u-4(b)(1).

**[7] Federal Civil Procedure 170A ⚷849**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
      170AVII(E) Amendments
        170Ak849 k. Proceedings for Allowance.
Most Cited Cases

Footnote of investor bringing securities fraud class action against corporation and its officers and directors, included at the end of his response to corporation's motion to dismiss, stating that "[t]o the extent that the court finds the Complaint's allegations insufficient, plaintiffs respectfully request an opportunity to amend their claims," did not qualify as a proposed amended complaint submitted to the district court, so as to preserve investor's right to amend the complaint. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[8] Federal Courts 170B ⚷776**

170B Federal Courts
    170BVIII Courts of Appeals
      170BVIII(K) Scope, Standards, and Extent
        170BVIII(K)1 In General
          170Bk776 k. Trial De Novo.
Most Cited Cases

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
**(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

**Federal Courts 170B** 817

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)4 Discretion of Lower Court
                170Bk817 k. Parties; Pleading. Most Cited Cases

A court of appeals ordinarily reviews the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility the court of appeals reviews the underlying legal conclusions de novo. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[9] Federal Civil Procedure 170A** 827

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak827 k. Leave of Court in General. Most Cited Cases

Although leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

**[10] Federal Civil Procedure 170A** 849

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(E) Amendments
            170Ak849 k. Proceedings for Allowance. Most Cited Cases

In order to preserve the right to amend a complaint, a party must submit the proposed amendment along with its motion to amend. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.

Joseph D. Daley, argued, Thomas E. Eagler, Frederick Walters, Alexandra Bernay, Lauren Kerkhoff, on the brief, San Diego, CA, for appellant.

William F. Alderman, argued, San Francisco, CA, Michael Thompson, Brian D. Martin, on the brief, Kansas City, MO, for appellee.

Before BYE, COLLOTON and GRUENDER, Circuit Judges.

GRUENDER, Circuit Judge.

\*1 Kevin Lester appeals from the district court's [FN1] order dismissing his class-action securities complaint under the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b), and concluding that any attempt to amend the complaint would be futile. For the reasons discussed below, we affirm.

**I. BACKGROUND**

We draw the relevant facts from the class's complaint because this appeal arises from the district court's grant of a motion to dismiss. See Fla. State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 648 (8th Cir.2001).

Novastar Financial, Inc. ("Novastar") is a publicly-traded company that originates, purchases, invests in, and services residential mortgages. Novastar is a subprime lender, offering loans to nonconforming borrowers with credit profiles that cannot satisfy the underwriting standards of conventional mortgage lenders. In addition to servicing individual loans, Novastar raises additional capital by bundling groups of loans into mortgage-backed securities and selling the rights to the income generated by these securities.

On February 20, 2007, Novastar announced its 2006 fourth-quarter and yearend financial results, which were well below analysts' expectations. In the same announcement, Novastar stated that it expected to earn far less income for the 2007 to 2011 fiscal years than it had previously anticipated. The announcement drove Novastar's stock price down by forty percent the next day. Within days, shares of Novastar stock were trading at less than thirty percent of their high in May 2006. In the weeks following the announcement, numerous Novastar investors filed separate class-action securities fraud lawsuits against Novastar and its officers and directors. The district court consolidated these various actions into a single class-action lawsuit and appointed Lester as the class's lead plaintiff. The class was composed of all persons who acquired Novastar's securities between May 4, 2006, and February 20, 2007 (the "class period").

On October 19, 2007, Lester filed the class's consolidated complaint. The 104-page complaint named as defendants Novastar; its Chief Operating Officer, W.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
 **(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

Lance Anderson; its Chief Executive Officer, Scott F. Hartman; and its Chief Financial Officer, Gregory S. Metz. It alleged that each defendant violated SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, and sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), by making false and misleading statements about Novastar's operations and financial health during the class period. The complaint began by describing the alleged deterioration of Novastar's underwriting standards and auditing processes and the alleged increasing number of loan defaults during the class period, drawing on information from former Novastar employees, including corporate credit managers, quality control auditors, underwriters, fraud investigators, and regional operations supervisors. Complaint at 11-34. Next, over the course of thirty-six pages, the complaint reproduced, either in their entirety or lengthy excerpts from, nineteen communications-including press releases, SEC filings, and conference call transcripts-issued by Novastar and the individual defendants during the class period that were allegedly false or misleading. Complaint at 34-70.[FN2] The complaint concluded by alleging loss causation and setting forth the complaint's two counts, one for violations of Rule 10b-5 and § 10(b) and one for violations of § 20(a).

**\*2** Novastar and its executives filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that the complaint failed to comply with the PSLRA's heightened pleading requirements. Among other failings, Novastar argued that the complaint failed to allege any material misrepresentations or omissions and failed to plead facts establishing a strong inference of scienter. Novastar also suggested that the district court should not allow plaintiffs leave to amend their complaint because any such effort would be futile.

The district court granted Novastar's motion to dismiss, holding that the complaint did not satisfy the PSLRA's pleading requirements. Turning first to the PSLRA's requirement that the complaint "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u-4(b)(1), the court held that "Plaintiff has not specified the allegedly misleading statements, nor has he specified why the statements he has referred to are misleading." In re 2007 Novastar Fin., Inc., Sec. Litig., No. 07-0139-CV-W-ODS, 2008 WL 2354367, at \*2 (W.D.Mo. June 4, 2008) (unpublished). Moreover, the court held that "Plaintiff has not explained how [the information from former Novastar employees] demonstrate[s] the falsity of any particular public statement." Id. at \*3. Turning next to the PSLRA's requirement that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," 15 U.S.C. § 78u-4(b)(2), the court held that the "Plaintiff does not compare (1) an allegedly false or misleading statement with (2) Defendants' prior receipt of information demonstrating that the statement would be false or misleading" and that "whatever minimal inference of fraudulent intent that can be gleaned from the Complaint is insufficient to allow the case to proceed." Id. at \*4. The court found that Lester "has not presented facts creating an inference of scienter that is at least as strong as an inference that Defendants lacked fraudulent intent, and this failing constitutes an independent reason to dismiss the case." Id. The court also agreed with Novastar's contention that the investors should not be afforded an opportunity to amend because any such attempt would be futile. Id. at \*5. In reaching that conclusion, the district court noted that "Plaintiff has not addressed this issue." Id. Lester appeals.

**II. DISCUSSION**

**A. Dismissal Under the PSLRA**

[1] We review de novo the district court's dismissal of a securities fraud complaint for failure to comply with the PLSRA's heightened pleading requirements. In re Cerner Corp. Sec. Litig., 425 F.3d 1079, 1083 (8th Cir.2005). In reviewing the district court's dismissal, we "accept all factual allegations in the complaint as true[,] ... consider the complaint in its entirety[,] ... [and] take into account plausible opposing inferences." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).

**\*3** The PSLRA goes beyond the ordinary pleading requirements described in Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, requiring that

> any private securities complaint alleging that the defendant made a false or misleading statement must: (1) "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading," 15 U.S.C. § 78u-4(b)(1);

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
**(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," § 78u-4(b)(2).

Tellabs, 551 U.S. at 321, 127 S.Ct. 2499 (alteration in original). "The Reform Act requires the court to dismiss the complaint if these requirements are not met." Kushner v. Beverly Enters., Inc., 317 F.3d 820, 826 (8th Cir.2003) (citing 15 U.S.C. § 78u-4(b)(3)). Lester contends that the district court erred in dismissing the complaint because it contained sufficient allegations of both falsity, § 78u-4(b)(1), and scienter, § 78u-4(b)(2).

[2][3] We turn first to the question whether Lester's complaint contained sufficient allegations of falsity. The PSLRA's heightened pleading requirements compel the plaintiff to "plead the 'who, what, when, where and how' of the misleading statements or omissions." Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir.2008) (quoting In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 890 (8th Cir.2002)). Plaintiffs alleging securities fraud must "plead their allegations of fraudulent misstatements and omissions with particularity." In re Navarre Corp. Sec. Litig., 299 F.3d 735, 743 (8th Cir.2002). "[T]he complaint's facts must necessarily show that the defendants' statements were misleading." Cerner, 425 F.3d at 1083.

[4][5] Lester argues that the district court erred in concluding that his complaint failed to specify the allegedly misleading statements. In support of his contention, he directs our attention to a section of his complaint titled, "Defendants' False and Misleading Statements Issued During the Class Period," and specifically to paragraphs 104, 109, 116, 118, 119, 128, 132, 134, 136, and 137. This thirty-six page section reproduces, either in their entirety or lengthy excerpts from, press releases, SEC filings, and transcripts of conference calls made by Novastar and the individual defendants during the class period. Absent from this section (and from every other section of the complaint), however, is any indication as to what specific statements within these communications are alleged to be false or misleading.[FN3] This practice does not satisfy the PSLRA's requirement of pleading with sufficient particularity because it does not identify "what" statements were allegedly false or misleading. See Cornelia I. Crowell GST Trust, 519 F.3d at 782. Lester appears to recognize this defect, as his brief to this Court identifies specific statements within these communications and alleges that they are false or misleading. See Appellant's Br. at 29-33. Identifying specifically the false or misleading statements for the first time on appeal, however, does not excuse a litigant's failure to comply with the pleading requirements under the PSLRA. Thus, we conclude that the district court did not err in dismissing Lester's complaint for its failure to "specify each statement alleged to have been misleading." See 15 U.S.C. § 78u-4(b)(1).

**\*4** [6] Lester also argues that the district court erred in concluding that his complaint failed to specify the reasons why the allegedly misleading statements were false or misleading. However, absent an indication of precisely *what* statements Lester alleges to be misleading, it is difficult, if not impossible, to determine whether the complaint adequately specified *why* each statement was misleading. Even if we were able to identify specific statements that were alleged to be misleading, we would still conclude that Lester's complaint failed to specify the reasons why each statement was false or misleading. The complaint does not provide any link between an alleged misleading statement and specific factual allegations demonstrating the reasons why the statement was false or misleading, as the PSLRA requires. See Cerner, 425 F.3d at 1083; 15 U.S.C. § 78u-4(b)(1). Instead, the complaint merely contains "[a] litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false." See Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1070 (9th Cir.2008). The closest that the complaint comes to linking any statement with specific facts demonstrating the reasons why the statement was misleading is paragraph 157. There, Lester arguably attempts to boil down the complaint's thirty-four pages of background material-including information from former Novastar employees-into a generalized one-paragraph summary.[FN4] Without more, however, the broad allegations contained in paragraph 157 do not "necessarily show that the defendants' statements were misleading," Cerner, 425 F.3d at 1083, or provide the level of particularity required by the PSLRA, see Navarre, 299 F.3d at 743. Therefore, we conclude that the district court did not err in alternatively dismissing Lester's complaint for its failure to "specify ... the reason or reasons why [each] statement is misleading." See 15 U.S.C. § 78u-4(b)(1).[FN5]

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
 **(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

### B. Denial of Leave to Amend the Complaint

[7][8] "We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility we review the underlying legal conclusions de novo." *In re NVE Corp. Sec. Litig.,* 527 F.3d 749, 752 (8th Cir.2008). Nevertheless, we need not reach the question of futility here because we can affirm the court's denial of leave to amend on the alternate basis that Lester failed to offer a proposed amended complaint to the district court. *Cf. K-tel,* 300 F.3d at 889 ("[W]e may affirm the district court's judgment on any basis supported by the record" (quoting *Wisdom v. First Midwest Bank,* 167 F.3d 402, 406 (8th Cir.1999))).

[9][10] "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed.R.Civ.P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *U.S. ex rel. Lee v. Fairview Health Sys.,* 413 F.3d 748, 749 (8th Cir.2005). "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *Clayton v. White Hall Sch. Dist.,* 778 F.2d 457, 460 (8th Cir.1985). Lester never submitted a proposed amended complaint to the district court, nor did he proffer the substance of such an amended complaint until he filed his appellate brief. Instead, Lester merely included a footnote at the end of his response to Novastar's motion to dismiss stating that "[t]o the extent that the court finds the Complaint's allegations insufficient, plaintiffs respectfully request an opportunity to amend their claims." These circumstances mirror those present in *Clayton,* where we held that a district court properly denied a plaintiff leave to amend because she "did not submit a motion for leave to amend but merely concluded her response to [the defendant's] motion to dismiss with a request for leave to amend" and "did not offer a proposed amended complaint or even the substance of the proposed amendment to the district court." *Id.; see also Dudek v. Prudential Sec., Inc.,* 295 F.3d 875, 880 (8th Cir.2002) (reaching the same result under nearly identical circumstances). Moreover, even after the district court dismissed Lester's complaint and denied his request to amend the complaint, Lester failed to file a motion under Federal Rules of Civil Procedure 15(a)(2), 59(e), or 60(b), seeking leave to file an amended complaint. *Cf. U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 823 (8th Cir.2009) ("[P]ost-judgment leave to amend may be granted if timely requested."). As we have noted before, "the district court [i]s not required to engage in a guessing game" as a result of the plaintiff's failure to specify proposed new allegations. *Meehan v. United Consumers Club Franchising Corp.,* 312 F.3d 909, 914 (8th Cir.2002). Accordingly, we affirm the district court's denial of leave to amend the complaint.

### III. CONCLUSION

*5 For the foregoing reasons, we affirm the district court.

FN1. The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

FN2. Lester also alleged in the complaint that Novastar's financial reports were false and misleading because they violated generally accepted accounting principles. Complaint at 70-89. However, the district court held that Lester failed to allege a single false entry in the company's financial statements, and Lester "does not appeal this portion of the dismissal." Appellant's Br. at 6 n. 4.

FN3. For example, in paragraph 116 of Lester's complaint, Lester reproduces Novastar's three-page August 3, 2006 press release in its entirety. The press release includes a plethora of statements, but the complaint gives no indication of which statements Lester alleges were false or misleading. Even if we were to focus solely on the following highlighted and italicized passage in the release, we still could not say what statements were alleged to be false or misleading:

> ***NovaStar continues to demonstrate strength in a challenging time for the mortgage industry. We delivered our highest quality loan production ever, and earnings benefitted from reduced costs of production and higher coupons. Credit performance in the portfolio remains strong, and our proactive risk management strategies have protected the portfolio during a period of tightening interest***

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338
**(Cite as: 2009 WL 2747281 (C.A.8 (Mo.)))**

*rate policy.*

Without specific guidance from Lester, a court can only speculate about whether he alleges falsity with respect to (1) Novastar's relative strength in the industry; (2) the quality of Novastar's loan production; (3) the strength of Novastar's credit performance; (4) the protective abilities of Novastar's risk management strategies; (5) some combination of the above; or (6) something else entirely found in the remaining two-and-a-half pages of the press release.

FN4. The complaint's paragraph 157 contained the following allegations:

157. The actual, but undisclosed facts, as detailed above, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

(a) The Company lacked requisite internal controls, and, as a result, the Company's projections and reported results issued during the Class Period were based upon defective assumptions about loan delinquencies;

(b) The Company's financial statements were materially misstated due to its failure to properly account for its allowance for loan losses;

(c) Given the deterioration and the increased volatility in the subprime market, the Company would be forced to tighten its underwriting guidelines which would have a direct material negative impact on its loan production going forward;

(d) Given the increased volatility in the lending market, the Company had no reasonable basis to make projections about its ability to maintain its REIT taxable income, which drives dividends, and potentially even its very status as a REIT. As a result, the Company's projections issued during the Class Period about its REIT taxable income and dividends were at a minimum reckless; and

(e) The Company's systematic deviation from its underwriting standards was creating "credit risk" and otherwise heightening the risk of default far beyond the scope defendants told investors.

FN5. Because we conclude that the district court properly dismissed the complaint for failing to comply with the PLSRA's pleading requirements concerning falsity under § 78u-4(b)(1), we need not address Lester's additional arguments concerning his compliance with the PSLRA's pleading requirements concerning scienter under § 78u-4(b)(2).

C.A.8 (Mo.),2009.
In re 2007 Novastar Financial Inc., Securities Litigation
--- F.3d ----, 2009 WL 2747281 (C.A.8 (Mo.)), Fed. Sec. L. Rep. P 95,338

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.