UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, on behalf of itself and all others similarly situated,<br><br>                              **Plaintiff,**<br><br>    vs.<br><br>MEMC ELECTRONIC MATERIALS, INC., NABEEL GAREEB and KENNETH HANNAH<br><br>                              **Defendants.** | Civil Action No. 08-cv-1411-CEJ |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiff Mahendra A. Patel ("Plaintiff") respectfully submits this Plaintiff's Response to Defendants' Notice of Supplemental Authority In Support Of Defendants' Motion To Dismiss filed by Defendants MEMC Electronic Materials, Inc. ("MEMC" or "Company"), Nabeel Gareeb ("Gareeb"), and Kenneth Hannah (collectively, "Defendants").[1] *In re 2007 Novastar Financial Inc., Securities Litigation*, __ F.3d __, No. 08-2452, 2009 WL 2747281 (8th Cir. Sept. 1, 2009) and *Horizon Asset Management Inc. v. H &R Block, Inc.*, __F.3d __, No. 08-1593, 2009 WL 2870505 (8th Cir. Sept. 9, 2009),[2] relied on by Defendants, are completely

---

[1] Dkt. No. 52 ("Def. Supp.").

[2] Attached as Exhibits A and B, respectively, to Dkt. No. 52.

distinguishable from the instant case and do not support Defendants' Motion To Dismiss.

In *Novastar*, the Eighth Circuit stated that the complaint in that case reproduced "either in their entirety or lengthy excerpts from, press releases, SEC filings, and transcripts of conference calls made by Novastar and the individual defendants during the class period," and did not provide the court with any "indication as to what specific statements within these communications are alleged to be false or misleading." *See* 2009 WL 2747281, at *3. The Eighth Circuit pointed out that even plaintiff "recognize[s] this defect, as his brief" attempts to remedy the defect. *See id.* Furthermore, the Eighth Circuit stated that the complaint did not provide any link between the statements and facts showing they are false and misleading. *See id*, at *4.

However, in the present case, which is based on material omissions, Plaintiff clearly identifies which statements were rendered false and misleading by the non-disclosure of the two adverse production events during the Class Period and explains the reasons why. Specifically, Plaintiff first alleges that, prior to the Class Period, Defendants, aware that interruptions in polysilicon manufacturing operations could adversely affect the Company's financial results, stated affirmatively that MEMC was taking significant care to ensure that production problems did not recur and that MEMC was taking extra cautions to ensure their employees' safety. *See* ¶¶34, 46, 49-50, 56.[3] Plaintiff then explains that those statements were rendered false and misleading during the Class Period because the Company had a duty to disclose the two incidents in question to investors, but failed to do so. The undisclosed information was especially significant, for example, because the two units that suffered from the fire incident

---

[3] Paragraph references (¶) shall be to those in the Consolidated Amended Class Action Complaint For Violations Of The Federal Securities Laws, Dkt. No. 41 ("Complaint").

were the two units (Unit 3 and Unit 4, *see* ¶63) that were the specific subject of statements made prior to the Class Period. *See also* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Consolidated Amended Complaint, Dkt. No. 48, at 6-8. These very specific allegations are a far cry from the pleading practice criticized in *Novastar*.

In *Horizon*, the Eighth Circuit found that lead plaintiff's *scienter* allegations were weakened by the fact that as soon as the subject accounting errors were discovered, defendants directed that an internal investigation be conducted and consulted auditors to determine whether a restatement was necessary. *See* 2009 WL 2870505, at *5. Defendants here seem to suggest that the prudence exercised by defendants in *Horizon* is analogous to Defendants' decision here not to disclose the two production events until they knew the full extent of the impact on the quarter results. However, the circumstances in the instant case are far from analogous. In the instant case, Plaintiff has alleged a pattern of disclosures of previous incidents promptly following their occurrence, even without knowledge of their impact. In fact, demonstrating Defendants' awareness of how sensitive investors were to production problems at the Company, in one instance, before the Class Period, Defendants promptly disclosed on April 24, 2008 that, late that same afternoon, production was interrupted by a leak that caused a release of raw material but that production was anticipated to resume the following day without any impact on financial targets. Notwithstanding the Company's belief that this event would have no impact on projections, the Company still followed up five days later to inform investors that production had indeed resumed on April 25, 2008, even though such resumption was exactly what the Company had previously disclosed was anticipated. ¶¶51-52. Defendants' well established pattern of disclosures continued even after the Class Period. ¶¶73-82. Of the numerous production issues referenced in the Complaint, it was only the two material adverse production events that

occurred at or near the beginning of the Class Period that Defendants elected not to disclose. Moreover, Defendants have never denied (nor could they) that they knew about the Texas fire or the Merano incident or that they knew, when those events occurred, that both incidents would have an impact on production (even if they did not know the extent of that impact).

Further, in *Horizon*, plaintiff's *scienter* allegations were extremely vague and general, unlike here. For example, plaintiff in *Horizon* alleged, through a confidential witness, that a defendant's *scienter* was adequately alleged because something was "common knowledge" in an accounting department, although that defendant was not even in the accounting department. *See* 2009 WL 2870505, at *4. Another example of what the court found to be a deficient *scienter* allegation in *Horizon* was a statement by a witness that one defendant sometimes reported to another defendant. *See id.* Another confidential witness discussed in *Horizon* was determined not to be reliable when stating that a defendant had knowledge of an accounting error when that defendant was not even working for the company at the time of the error. *See id.*, *6.

In the instant case, not only do Defendants not deny knowledge of the two production events, but Plaintiff's *scienter* allegations are supported by reliable witnesses who stated, for example, that Gareeb was on the daily calls 95% of the time and knew everything about production at the plants because he "micromanaged the allocation of polysilicon down to the customer level." ¶60. Further, Defendants' reference to the *Horizon* court's discussion concerning analyst statements being insufficient to infer *scienter*, *see* Def. Supp. at 3, is irrelevant to the instant case since Plaintiff has not used statements by analysts to support *scienter*.

Thus, neither the *Novastar* decision nor the *Horizon* decision provides any support whatsoever for Defendants' Motion To Dismiss, and that Motion should be denied.

Dated: October 1, 2009

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

  /s/   John E. Campbell
John E. Campbell, #543242
John Simon, #4371
Erich Vieth, #4608
701 Market St., Suite 1450
St. Louis, MO 63101
Telephone: (314) 241-2929
Facsimile: (314) 241-2029

*Liaison Counsel for the Class and*
*Counsel for Lead Plaintiff Mahendra A. Patel*

**BROWER PIVEN**
  A Professional Corporation
Charles J. Piven
Yelena Trepetin
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300

**BROWER PIVEN**
  A Professional Corporation
David A.P. Brower
Jessica Sleater
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

*Lead Counsel for the Class and*
*Counsel for Lead Plaintiff Mahendra A. Patel*

**CERTIFICATE OF SERVICE**

      I hereby certify that this Plaintiff's Response to Defendants' Notice of Supplemental Authority was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronically mailed to those indicated as non-registered participants on October 1, 2009.

      /s/   John E. Campbell
      John E. Campbell, #543242